UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 21-CR-108 (TSC) |
| | : | |
| v. | : | |
| | : | |
| MICHAEL JOSEPH FOY, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S REPLY MOTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the defendant's reply motion where the defendant cited two additional cases therein in support for his release. *See* Defendant's Reply Motion ECF # 31 at 9. After a careful review, the cases cited by the defendant do not support nor advance his arguments for release by this Court. Accordingly, the defendant has presented nothing new that would require this Court to overturn its prior detention Order and release this defendant. Once again, defendant Foy's pretrial detention is warranted because he poses a clear and present danger and threat to the safety of the community that cannot be mitigated by any combination of release conditions.

Counsel for the defendant argument for his release that the defendant is more similarly situated to defendants in *United States v. David Lee Judd*, 21 CR 40-TNM and *United States v. Emanuel Jackson*, 21 MJ 115-RMM, is fundamentally inaccurate and unfounded. In *Judd*, the defendant lit and tossed a firework at law enforcement officers. However, the firework malfunctioned and failed to explode. Unlike this defendant, Judd's actions do not rise to the level of violent, persistent, and continued assaults on law enforcement officers that defendant Foy willfully committed. In *Jackson*, that defendant used a baseball bat and struck both U.S. Capitol and Metropolitan Police Department with that bat. However and importantly, unlike defendant

Foy, *Jackson*, as argued, *inter alia*, by his defense counsel was 1) young of age; 2) had been diagnosed with autism spectrum disorder; 3) had a severe intellectual disability; 4) lived in an extended transitional housing program for homeless youth; 5) had a language disorder; and 6) was at high risk for manipulation and being taken advantage of by others. *See United States v. Emanuel Jackson*, 21 MJ 115-RMM, Memorandum and Opinion, ECF# 24 at 4-5. None of these issues applies to defendant Foy who was a military veteran and willfully and knowingly drove from Michigan to Washington while arming himself with a deadly weapon to attack law enforcement officers on numerous occasions. Because of the special circumstances of defendant Jackson's diminished condition and capacity, and other factors listed above, *Jackson* release should be construed very narrowly and is not comparable to the facts and circumstances of this defendant's case. Simply put, defendant Foy's deliberate, violent, persistent, and continued assaults on law enforcements officers does not compare to *Judd* and *Jackson* as outlined *supra*.

## CONCLUSION

Consideration of the factors enumerated in 18 U.S.C. § 3142(g) and the Court's past finding demonstrate that defendant Foy is still a danger to the community and that no condition or combination of conditions will reasonably assure his appearance as required and the safety of the community.

Respectfully submitted,
CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793
By: */s/ Emory V. Cole*
EMORY V. COLE
Assistant United States Attorney
PA. Bar Number 49136
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-7692
Emory.Cole@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on June 9, 2021, I caused a copy of the foregoing to be served on counsel of record via electronic filing.

                 /s/ Emory V. Cole
                 Emory V. Cole
                 Assistant United States Attorney