IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:21-CR-108 |
| | ) | Hon. Tanya S. Chutkan |
| MICHAEL FOY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO RECONSIDER STAY OF THIS COURT'S RELEASE ORDER

Michael Foy respectfully submits this motion to reconsider the government's request for a stay of this Court's release Order. The government cannot come close to satisfying the heavy burden it must meet to warrant a stay pending appeal. Accordingly, the Court should deny the government's request for a 72-hour stay.

### Background

Mr. Foy is before the Court charged with offenses stemming from the events at the U.S. Capitol on January 6, 2021. Mr. Foy has no prior criminal record. He is supported by strong family ties. He is not charged with a "presumption" offense. 18 U.S.C. §§ 3142 (e). There is no evidence that he pre-planned an attack on the Capitol or that he is a member of an extremist group. He has strong ties to his community and a safe release plan. After careful consideration of two fully-briefed motions for bond, this Court ordered Mr. Foy to be released with strict conditions, including GPS monitoring.

Following the Court's detailed recitation of its reasoning under 18 U.S.C. § 3142, the government announced that it would appeal and requested a stay of the release Order. Counsel objected to the government's request and now respectfully supplements Mr. Foy's objection. In short, applying the factors in *Hilton v. Braunskill*, 481 U.S. 770 (1987), the government cannot

1

meet its heavy burden and the stay should be denied.

**I.    Legal Standard**

When deciding a motion to stay, the Court is required to determine: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 436 (2009); *Hilton v. Braunskill*, 481 U.S. 770 (1987).

**A. The Government is Unlikely to Succeed on the Merits**

First, the government cannot make a "strong showing" that it is likely to succeed on the merits of an appeal. The Court of Appeals will review this Court's dangerous determination[1] for clear error. *See United States v. Munchel*, 991 F.3d 1273 at 1282 (D.D.C. 2021) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.") (internal citations omitted). This Court carefully weighed the §3142 factors and determined that the Bail Reform Act did not permit preventative detention in this case. As the Court ruled, this case does not give rise to a rebuttable presumption of detention. Mr. Foy's lack of prior record and his background required this Court to release him pending trial, with substantial conditions. In light of the Court's careful analysis and the presumption for pre-trial release, it is highly unlikely that the Circuit Court will find that this Court's ruling was "clearly erroneous."

In another case stemming from the January 6th events, Judge Lamberth denied the government's request for a stay of a release order, holding that under the D.C. Circuit's holding in *Munchel*, the government was unlikely to succeed on the merits. Likewise, in Mr. Foy's case, the

---

[1] The government has not pressed an argument that Mr. Foy is a flight risk. Nor could it, given his demonstrable ties to the community.

government will be unable to establish that Mr. Foy poses an articulable threat to the community beyond the events of January 6th and this Court should also deny its request for a stay. *See United States v. Russell*, 2021 WL 2439231, 1:21CR392 (June 15, 2021).

### B. Mr. Foy Could Be Irreparably Injured by a Stay

Mr. Foy has been preventatively detained for five months. He has been diagnosed with PTSD. The Court is aware of conditions at the D.C. Jail and CTF. ECF 22 at 2. Individuals at the Correctional Treatment Facility, where Mr. Foy has resided, have reported assaults by staff and other inmates. https://www.nbcwashington.com/investigations/insurrection-cases-raise-profile-and-concerns-about-dc-jail/2698060/ (last accessed June 30, 2021). While there have been reports of some units relaxing the "solitary confinement" restrictions that the Department of Corrections imposed after COVID, inmates report that they are still confined for 22 to 23 hours per day. https://www.washingtonexaminer.com/news/aclu-capitol-rioters-in-solitary-confinement.   (last accessed June 30, 2021).

Mr. Foy's continued and prolonged detention exacerbates his mental health issues. *See* ECF 22 at 3. When he is released, he will be able to access much-needed mental health treatment with the support of his family, who eagerly await his return home.

### C. Public Interest Lies in Allowing the Court's Order to Stand

Third, public interest lies in respecting this Court's carefully reasoned ruling and the Supreme Court's recognition that in our "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987); *see also United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999) ("Detention until trial is relatively difficult to impose"). There is no public interest served in keeping Mr. Foy in pre-trial custody when there are, as this Court found, conditions that will assure the safety of the

community and his return to court. The Court addressed public safety at length in its ruling and imposed substantial conditions, including GPS monitoring. Public safety is not a reason to issue a stay.

For the foregoing reasons, the government cannot meet its burden to warrant a stay of the Court's Order granting pre-trial release and its request for a stay should be denied.

Respectfully submitted,

Michael Foy
By Counsel

_____/s/_____
Elizabeth Mullin
Virginia Bar Number 86668
Assistant Federal Public Defender

Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0879 (T)
(703) 600-0880 (F)
Elizabeth_Mullin@fd.org (email)

CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2021, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

By Counsel

_____/s/_____
Elizabeth Mullin
Virginia Bar Number 86668