UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:21-CR-108 (TSC) |
| | ) | Status Hearing: October 13, 2021 |
| MICHAEL FOY | ) | |

## MICHAEL FOY'S MOTION TO MODIFY CONDITIONS OF PRE-TRIAL RELEASE

Michael Foy ("Mr. Foy"), through counsel, respectfully moves this Court for an Order modifying conditions of his release. Specifically, Mr. Foy requests that the condition of home incarceration be lifted and replaced with a less restrictive (albeit still rigorous) condition of supervision. Mr. Foy has been under home incarceration since July 2, 2021. He has not incurred a single violation. Mr. Foy's probation officer, Ms. Wenglikowsi, reports that Mr. Foy has been in complete compliance and has been doing "very, very well."[1] In support of this Motion, counsel states:

1. Mr. Foy was arrested on January 24, 2021. He was detained until this Court ordered him released under conditions, including home incarceration, on July 2, 2021. ECF 47.

2. Home incarceration is the strictest form of supervision available. When a defendant is under home incarceration, he is "restricted to 24-a-day-lock down at [his] residence except for medical necessities and court appearances or other activities specifically approved by the Court." ECF 47. As such, Mr. Foy is not permitted to look for or obtain employment.

---

[1] Undersigned counsel spoke with Ms. Wenglikowski on October 6, 2021 and has provided her contact information to government counsel. The government opposes this request.

1

3. Mr. Foy has been compliant with home incarceration. Indeed, Ms. Wenglikowski reports that Mr. Foy is in "perfect compliance" and is "doing very, very well."[2]

4. In light of his compliance with home incarceration, Mr. Foy respectfully moves the Court to remove home incarceration as a condition and impose a less restrictive—yet still rigorous—level of supervision, such as home detention. The Bail Reform Act, which mandates that a defendant be subject to the "*least restrictive* further conditions, or combination of conditions that . . . will reasonably assure the appearance of the person as required and the safety of any persons and the community," supports this request. 18 U.S.C. 3142(b). Home detention is a strict level of supervision but would permit Mr. Foy to work and attend religious services. Should the Court grant this request, Mr. Foy will immediately look for a job as a mechanic, which is his area of expertise.

5. Mr. Foy is a 30-year-old with no history of violence or prior convictions. He is a veteran, an active reservist for the Marines, and a mechanic by trade. In Mr. Foy's case, where he has achieved a 4-month track record of complete compliance with the most restrictive form of supervision available, the Bail Reform Act supports reducing Mr. Foy's level of supervision to at the most, home detention.

### Conclusion

For the reasons stated herein and any others that appear to the Court, Mr. Foy respectfully moves the Court to remove the condition of home incarceration. A proposed Order is attached for the Court's review.

---

[2] Undersigned counsel will provide chambers with Ms. Wenglikowski's contact information should the Court wish to consult with her directly.

Respectfully submitted,

A.J. KRAMER

By Counsel

\_\_\_/s/_____
Elizabeth Mullin
Virginia Bar Number 86668
DC Bar Number 484020
Assistant Federal Public Defender

Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0879 (T)
(703) 600-0880 (F)
Elizabeth_Mullin@fd.org (email)

CERTIFICATE OF SERVICE

    I hereby certify that on October 6, 2021, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

\_\_\_/s/_____
Elizabeth Mullin
Virginia Bar Number 86668
DC Bar Number 484020
Assistant Federal Public Defender