UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 21-CR-108 (TSC) |
| v. | : | |
| MICHAEL FOY | : | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF PRE-TRIAL RELEASE**

The United States of America, by and through counsel, the Acting United States Attorney for the District of Columbia, respectfully submits this memorandum in opposition to defendant Michael Foy's Motion for Modify Conditions of Pre-Trial Release, filed on October 6, 2021. *See* Defendant's Motion ECF No. 52. The defendant argues that because the defendant has been in compliance with his home incarceration conditions; therefore, his "home incarceration [should] be lifted and replaced with a less restrictive (albeit still rigorous) condition of supervision." *See* Defendant's Motion ECF No. 52 at 1-2. Given the gravity and violent nature of the defendant's criminal offenses, the defendant arguments for further release conditions are wholly inadequate and lack any merit for this Court to change the defendant's status at this time. Accordingly, the Government respectfully opposes the defendant's motion and asks that the conditions of his pretrial release be kept in place.

**FACTUAL BACKGROUND**

For his conduct on January 6, 2021, defendant Foy is now charged by Indictment with: (1) Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); (2) Obstruction of an Official Proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2; (3) Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b); (4) Knowingly

- 1 -

Entering or Remaining in any Restricted Building or Grounds With a Deadly Weapon in violation of 18 U.S.C. §§ 1752(a)(1)(2) and (4), and; (5) Act of Physical Violence on the Capitol Grounds, in violation of 40 U.S.C. §§ 5104(e)(2)(F).

For the sake of brevity, the United States will not fully restate the evidence outlined in its prior pleadings and two detention hearings before this Court.[1] A few points herein bear emphasis, however. In numerous prior filings and hearings, the government outlined in particular details the defendant's violent actions against law enforcement officers who were protecting the U.S. Capitol, elected representatives, their staffs, the Vice-President of the United States, their families, and our Democracy on January 6, 2021. In short, the defendant brutally attacked and assaulted the brave and heroic law enforcement officers – men and women – who were protecting the U.S. Capitol with a metal spear and his hockey stick; undeniably, the defendant's main goal was to tear down our system of constitutional Democracy and anyone who got in his way. The metal spear and the defendant's hockey stick represented something much more than sticks — they were instruments of brutality and viciousness which could have caused death or serious bodily injury to anyone in

---

[1] The government had previously outlined to this Court that, defendant Foy came to Washington D.C. to participate in the violent insurrection against the government of the United States, despite his oath he took as a former Marine to support and defend the Constitution of the United States. Based on the evidence and the defendant's violent actions and attacks on law enforcement officers protecting the U.S. Capitol, defendant Foy willfully and deliberately brought a hockey stick - a deadly weapon, with him and used that weapon to repeatedly strike law enforcement officers in the face, head, neck, and body area. Additionally, based on a review on the relevant photos and videos of defendant Foy, he is seen encouraging other rioters to assault the officers as well [as] to join him when he crawled through a destroyed window and into the Capitol of the United States, weapon in hand. . . .

More broadly, defendant Foy violently attacked officers while attempting to break through the center doorway on the Lower West Terrace to gain entrance to the U.S. Capitol Building. He used physical violence against officers who were protecting the entrance, and his individual participation in the larger mob heightened the overall violence and dangerousness of the day.

Indeed, defendant Foy brought his weapon –a hockey stick- to use to the U.S. Capitol. Images and video taken at the U.S. Capitol show the mob attacking officers guarding the doors. Defendant Foy and others hurl projectiles at the officers and physically assaulted them, often using weapons like poles, bottles, and in defendant Foy's case, a hockey stick. . . .

See Government's Opposition [to Defendant's Initial Release Motion] ECF# 11.

the path of the defendant's violent throws, swings and blows to the law enforcement officers.

On or about July 2, 2021, this Court released the defendant "into home confinement with GPS monitoring and other specified conditions of release under the courtesy supervisions by the Pretrial Services Agency of the Eastern District of Michigan." *See* Court's Order ECF # 45. For all the reasons stated herein, this defendant still represents a clear and present danger to the community; therefore, this Court should deny the defendant's motion to further relax his release conditions.

## ARGUMENT

The government respectfully avers that the only relevant questions posed by the defendant's current motion is if this Court can trust the defendant not to commit further harm to others and whether this Court can trust that the defendant will not attempt to violate or to tear-down our Democracy in the future with more election lies and future "protest." Based on the defendant's actions and record in this case, the answers to the above questions unequivocally are no. Simply stated, the United States is very deeply concerned and troubled with any further relaxation of the Court's Order and state the following: 1) The United States submits that defendant Foy's conduct on January 6, 2021, demonstrated an utter disregard for the law and the legitimate functions of government, providing clear evidence that he is unwilling to follow lawful orders or defer to the legitimate authority of the government; 2) when defendant Foy assaulted law enforcement officers in his attempt to storm the U.S. Capitol, he did so in the presence of hundreds of law enforcement officers who were working to protect both the constitutionally-mandated Certification proceeding and the members of Congress duty-bound to hold that proceeding; 3) if defendant Foy was unwilling to obey orders while in full view of law enforcement, or to conform his behavior to the law even when he disagrees with it, despite

his prior oath to the Constitution, it is unlikely that he would adhere to this Court's directions and further release orders; and finally, 4) as the Court is aware, January 6, 2021, was not defendant Foy's first election conflict: on November 6, 2020, defendant Foy joined a mass demonstration with others at the TCF Center in Detroit, Michigan, to protest the recent 2020 Presidential Election results in Michigan where workers were inside counting absentee ballots. Importantly, this Court's current release Order provide the Court some assurance that the defendant will not be allowed to commit any further criminal actions or any future assaults on our constitutional Democracy.

## CONCLUSION

Although any failure to comply could result in revocation of his release, it does not necessarily follow that compliance should result in further reduction of the defendant's conditions of release. Rather, apparent compliance is some evidence that the defendant's existing conditions are currently working to ensure community safety and that the defendant follows this Court Orders.[2]

---

[2] At a previous detention hearing this Court found, *inter alia*, that . . . [t]he police, by all accounts, and even in the evidence provided by both sides, were vastly outnumbered. The video footage of the police mustering in the tunnels below the Capitol and getting ready to go out and confront what must have been a terrifying, violent mob was just really, really awful. . . .

If somehow law enforcement had not been able to diffuse the situation and get the protesters -- and I don't call these "protesters" -- rioters who were screaming to hang the vice president and roaming the Capitol in search of the Speaker of the House, what would have happened if they had not been dispersed. I don't like to imagine it.

It could have been really very, very bloody and very violent, and there could have been enormous losses of life, to say nothing of the threat to our rule of law and our electoral system and our democracy. I'm not generally given to hyperbole about crimes, but this one was horrifying.  . . .

There is a great deal of video evidence from multiple sources. There is also evidence in the form of a photograph found on Mr. Foy's phone which was recovered. The photograph shows rioters and debris standing inside the Capitol. I have reviewed the evidence submitted in this case.   . . .

Mr. Foy is seen on the videotape actively, violently, and repeatedly swinging his hockey stick at officers, Metropolitan Police Department officers and other law enforcement officers, before any woman went down. And after the woman is apparently rescued, Mr. Foy turns on the law enforcement officers, screaming and cursing at them, and turns his rage on the officers.

*See* Bond Release Motion Transcript (Court's Finding) March 15, 2021 at 25 – 33.

WHEREFORE, the United States respectfully requests that the Court DENY the defendant's Motion for Modify Conditions of Pre-Trial Release.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793


By: */s/ Emory V. Cole*
EMORY V. COLE
Assistant United States Attorney
PA. Bar Number 49136
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-7692
Emory.Cole@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2021 I caused a copy of the foregoing opposition to be served on defense counsel of record via email.

*/s/ Emory V. Cole*
Emory V. Cole
Assistant United States Attorney