**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **1:21-cr-108 (TSC)** |
| | ) | |
| **MICHAEL FOY** | ) | |

### MICHAEL FOY'S MOTION TO MODIFY CONDITIONS OF PRE-TRIAL RELEASE

Michael Foy ("Mr. Foy"), through counsel, respectfully moves this Court for an Order modifying conditions of his release. On October 6, 2021, he requested that the condition of home incarceration be lifted so that he may work and go to church.  The Court granted the request but directed counsel to file an additional Motion once he found a job.  Mr. Foy has found a job and thus requests that the Court allow him to work.  In support of this Motion, counsel states:

1.  Mr. Foy was arrested on January 24, 2021. He was detained until this Court ordered him released under conditions, including home incarceration, on July 2, 2021.  ECF. Do. No.  47.

2.  Mr. Foy was initially placed on home incarceration, where he was "restricted to 24-a-day-lock down at [his] residence except for medical necessities and court appearances or other activities specifically approved by the Court." ECF Doc. No. 47.

3.  On October 22, 2021, the Court altered Mr. Foy's conditions to "home detention."[1] "Home detention" allows a supervisee to leave the residence for a broader range of

---

[1] Mr. Foy's Pretrial Services Officer was not present at the hearing and authorized Mr. Foy to go to work because of the placement in "home detention."  It is counsels' recollection that the Court did not intend to yet authorize Mr. Foy to work.  Counsel learned of this mistake this weekend and is thus promptly filing the instant Motion.

activities including "employment; education; religious services; medical, substance abuse or mental health treatment."

4. Mr. Foy has procured employment with the Alta Equipment Company as a heavy machinery mechanic. It is located at 1524 Champange Dr. N, Saginaw, MI 48604, about 40 miles from Mr. Foy's residence. The company's phone number is 989 752-9400 and his supervisor is Tom Berry. It is counsel's understanding that Mr. Foy's pretrial services officer has confirmed all aspects of his employment.

5. Because of the misunderstanding, Mr. Foy has been working for two weeks. Mr. Foy believes that if he is absent from work beyond a day, he will be terminated from the job.

6. As a result, counsel requests that while the present Motion is pending, that the Court permit him to continue working.

7. Mr. Foy had been compliant with home incarceration. His pretrial officer had reported that Mr. Foy is in "perfect compliance" and is "doing very, very well."[2] Moreover, Mr. Foy did not incur any infractions while working for the past two weeks, despite GPS monitoring.

8. Mr. Foy respectfully moves the Court to permit him to work full time at Alta Equipment Company in Saginaw, MI. In addition, Mr. Foy requests that he be allowed to work during the pendency of this Motion. This job has provided the best opportunity for Mr.

---

[2] Undersigned counsel will provide chambers with Ms. Wenglikowski's contact information should the Court wish to consult with her directly.

Foy to utilize his training and experience since he was honorably discharged from the U.S. Army.[3]


### Conclusion

For the reasons stated herein and any others that appear to the Court, Mr. Foy respectfully moves the Court to allow him to continue to be employed with Alta Equipment Company.


Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Eugene K. Ohm
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500


\_\_\_\_/s/_____
Elizabeth Mullin
Virginia Bar Number 86668
DC Bar Number 484020
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0879 (T)
(703) 600-0880 (F)
Elizabeth_Mullin@fd.org (email)

---

[3] Counsel apologizes and regrets the misunderstanding – counsel had no idea that Mr. Foy was working and Mr. Foy understood that he was authorized to do so based upon his conversations with his Pretrial Officer.