UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:21-CR-108 (TSC) |
| | ) | |
| | ) | |
| MICHAEL FOY | ) | |

**MICHAEL FOY'S MOTION TO MODIFY CONDITIONS OF PRE-TRIAL RELEASE**

Michael Foy ("Mr. Foy"), through counsel, respectfully moves this Court for an Order modifying conditions of his release. Specifically, he requests that his condition of home detention be modified so that he may go to the gym once per day. Mr. Foy has been under intensive pretrial supervision (either home incarceration or home detention) since July 2, 2021. He had not incurred a single violation. Mr. Foy's probation officer reports that Mr. Foy has been complying with "all terms of his supervision" and his mental health provider has reported substantial progress in Mr. Foy's treatment. In support of this Motion, counsel states:

1. Mr. Foy was arrested on January 24, 2021. He was detained until this Court ordered him released under conditions, including home incarceration, on July 2, 2021. ECF 47.

2. Mr. Foy had no violations while under home incarceration. On October 21, 2021, this Court placed Mr. Foy under home detention so that he may work and attend religious services.

3. Since then, Mr. Foy has obtained a full time job in heavy machinery repair and maintenance. He is a respected and appreciated employee who shows up early daily, works hard, even through his lunch hour. He is universally regarded as a reliable and valuable asset to his company.

4. In over sixteen months of pretrial release under the strictest conditions available to the Court, Mr. Foy has never violated his conditions of pretrial release.

5. In addition, Mr. Foy has made important changes to his life since the time he was arrested and incarcerated. His life is markedly different than his lifestyle prior to January 6, 2021. Most notably, he has been attending weekly therapy sessions, has strictly adhered to his prescribed mental health medication, has maintained employment and has refrained from substance abuse. He does not engage in politics in any form and has avoided the social media outlets that so influenced his thinking prior to January 6, 2021.

6. In this New Year, Mr. Foy wishes to begin an exercise regimen to sustain and improve his physical and mental health.

7. Mr. Foy resides in Midland, Michigan, where January temperatures average between 16 to 30 degrees Fahrenheit outdoors. He does not own any exercise equipment.

8. Mr. Foy thus requests that he be permitted to go to Planet Fitness, 6834 Eastman Avenue, Midland, MI prior to work in the morning. Mr. Foy would like to exercise between 4:30 am and 6:00 am before his work day.

9. In light of his compliance with all of his conditions, Mr. Foy respectfully moves the Court to modify his conditions to allow him to exercise at the gym. The Bail Reform Act, which mandates that a defendant be subject to the "*least restrictive* further conditions, or combination of conditions that . . . will reasonably assure the appearance of the person as required and the safety of any persons and the community," supports this request. 18 U.S.C. 3142(b).

10. Mr. Foy is a 31-year-old with no history of violence or prior convictions. He is a veteran, an active reservist for the Marines, and a mechanic by trade. In Mr. Foy's case, where Mr. Foy has achieved a 16-month track record of complete compliance with the most restrictive form of supervision available, the mandates of the Bail Reform Act support reducing his level of supervision to at the most, home detention.

## Conclusion

For the reasons stated herein and any others that appear to the Court, Mr. Foy respectfully moves the Court to modify his conditions to allow him to attend the gym on weekdays during prescribed hours. A proposed Order is attached for the Court's review.

Respectfully submitted,
A.J. KRAMER
FEDERAL PUBLIC DEFENDER


___/s/_____
Elizabeth Mullin
Eugene Ohm
Assistant Federal Public Defenders
625 Indiana Avenue
Washington D.C. 20004