UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL JOSEPH FOY,<br><br>    Defendant. | Case No. 21-cr-00108 (TSC) |

### GOVERNMENT'S OPPOSITION TO FOY'S RULE 35(a) MOTION
### TO RECONSIDER HIS SENTENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Foy's motion to reconsider his sentence in light of the D.C. Circuit's recent decision in *United States v. Brock*, because he has not established "clear error" as required under Federal Rule of Criminal Procedure 35(a) for this Court to alter his sentence. Foy's sentence was lawfully and reasonably imposed under 18 U.S.C. § 3553(a). And Foy has not shown that he is automatically entitled to the 20-month sentence he says this Court should impose. To the contrary, the Court stated that it would impose the same 40-month sentence even if the guidelines were different or even if *Fischer*[1] invalidated Foy's obstruction conviction. Therefore, the Court should deny the motion.

**1.    Foy's Sentencing.**

After a stipulated bench trial, this Court convicted Foy of assault, in violation of 18 U.S.C. § 111(a)(1) (Count 1), and obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2) (Count 2).

---

[1] The Supreme Court granted certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, 114 S. Ct. 537 (Dec. 13, 2023), to resolve the scope of 18 U.S.C. § 1512(c)(2).

1

At Foy's sentencing on February 28, 2024, the Court determined that Foy's base offense level was 14 under USSG § 2J1.2(a).[2] Foy received an eight-level enhancement under USSG §2J1.2(b)(1)(B), because his offense involved causing or threatening physical injury to a person in order to obstruct the administration of justice (repeatedly assaulting MPD Officer DP with a hockey stick); a three-level enhancement under USSG §2J1.2(b)(2) because the offense resulted in substantial interference with the administration of justice (the official proceeding of Congress' Joint Session); and a six-level enhancement under USSG §3A1.2(c)(1) because Foy created a substantial risk of serious bodily injury, knowing or having reasonable cause to believe MPD Officer DP was a law enforcement officer while assaulting her. After a three-level reduction for acceptance of responsibility, Foy's total offense level was 28, and with a criminal history category I, Foy's advisory guideline range was 78-97 months.

Foy objected to these calculations, including the three-level enhancement under USSG §2J1.2(b)(2), and the eight-level enhancement under USSG §2J1.2(b)(1)(B).

After fully considering the § 3553(a) factors, the court varied downward and imposed a 40-month imprisonment term, balancing the severity of the offense with Foy's history and characteristics as well as his rehabilitation. The Court explained that it would give the same 40-month sentence regardless of what happened in *Fischer* and regardless of whether it had ruled differently on the guidelines. *See* Tr. at 7, 48. As part of its allocution, the Court noted several mitigating factors that the Court considered, such as Foy's military service, his struggle with post-traumatic stress disorder and other mental health issues, his difficult and stressful family situation, and his recent personal and professional progress. *Id.* at 47-48. But the Court also balanced such

---

[2] The guidelines on Count 2 (obstruction) applied because they produced a higher guideline range than those for Count 1 (assault).

mitigation with obvious aggravating factors, noting that his military service meant Foy took an oath to serve and "knew better" than to attack officers, as well as highlighting the level of violence in Foy's assaultive conduct. *Id* at 44-45. The Court further explained that it had to consider the nature of the crime on January 6, 2021, and reiterated its continued belief that deterrence is a particularly important factor to consider in January 6th-related sentencings. *Id.*

2. **The *Brock* decision.**

Two days after Foy's sentencing, the D.C. Circuit decided *United States v. Brock*, 2024 WL 875795 (D.C. Cir. Mar. 1, 2024). Brock, like Foy, was convicted of obstruction of an official proceeding for his participation in the January 6 riot. The D.C. Circuit upheld that conviction but remanded for resentencing, finding that § 2J1.2(b)(2)'s three-point enhancement for "substantial interference with the administration of justice" does not apply to interference with the legislative process of certifying electoral votes. *Brock* did not consider the eight-level enhancement in USSG § 2J1.2(b)(1)(B), which applies if an offense "involved causing or threatening to cause physical injury to a person, or property damage, in order to obstruct the administration of justice." Nonetheless, the government acknowledges that the same reasoning would likely apply.

3. **Foy's Rule 35(a) Motion to Reconsider His Sentence.**

On March 4, 2024, Foy filed a Rule 35(a) motion to reconsider his sentence, arguing that *Brock* demonstrates that his sentence suffers from "clear error," which this Court should correct. Specifically, he contends that without the § 2J1.2(b)(2) three-level and § 2J1.2(b)(1)(B) eight-level enhancements, his guidelines range would be determined using the guidelines for his assault

3

conviction, resulting in a range of 37-46 months.[3] And, applying the same percentage downward variance, he says he is entitled to a 20-month sentence.

**4.      The Court Should Deny Foy's Motion Because He Has Not Demonstrated "Clear Error" or Automatic Entitlement to the 20-Month Sentence He Seeks.**

Federal Rule of Criminal Procedure 35(a) gives the district court authority to correct a sentence based on "clear error":

> (a) Correcting Clear Error. Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

Fed. R. Crim. P. 35(a).[4] The 14-day time limit requires the Court to actually correct the sentence within those 14 days–the mere filing of the motion does not toll the time. *See* Fed.R.Crim.P. 45(b)(2) ("The court may not extend the time to take any action under Rules 29, 33, 34, and 35, except as stated in those rules."). Nor does the motion toll the time for filing a direct appeal.[5]

Rule 35(a) is a "very narrow" exception to the general prohibition against courts modifying terms of imprisonment once imposed. *See United States v. Palmer*, 854 F.3d 39, 47 (D.C. Cir. 2017); Fed. R. Crim. P. 35 advisory committee's notes (1991 amendments) ("The authority to

---

[3] Foy calculates a guideline range of 37-46 months under the aggravated assault guidelines as follows: The base offense level under § 2A2.2 is 14, and with a four-level enhancement for a dangerous weapon, a six-level enhancement for an official victim, and a three-level reduction for acceptance of responsibility, the total offense level is 21. ECF 103 at 4. But this is not entirely correct. If the enhancements under § 2J1.2 are removed, Foy's offenses no longer group. This means that 1.5 units, or a one-level increase under § 3D1.4, would apply, resulting in an offense level of 22 and a range of 41-51 months.

[4] Prior to 2002 this provision was located in Rule 35(c).

[5] Fed. R. App. P. 4(b)(5) provides for simultaneous filing of a notice of appeal:
> The filing of a notice of appeal under this Rule 4(b) does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a), nor does the filing of a motion under 35(a) affect the validity of a notice of appeal filed before entry of the order disposing of the motion. The filing of a motion under Federal Rule of Criminal Procedure 35(a) does not suspend the time for filing a notice of appeal from a judgment of conviction.

correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a)."). Its purpose is to allow district courts to correct "clear errors" and avoid wasteful appeals by fixing obvious sentencing issues. *United States v. Schenian*, 847 F.3d 422, 424 (7th Cir. 2017).

The phrase "other clear error" encompasses "obvious error," rather than changes deriving merely from the court changing its mind or reconsidering its calculations under the sentencing guidelines. Clear errors may, however, include errors of law. *See e.g., United States v. Yost*, 185 F.3d 1178, 1181 (11th Cir. 1999) (holding that the district court had the authority under Rule 35 to resentence the defendant "because at the first sentencing hearing it used the wrong guidelines, an obvious error"); *United States v. Ward*, 171 F.3d 188, 191 (4th Cir. 1999) (holding that the district court had authority under Rule 35 to correct the sentence where the original sentence that failed to treat defendant as career offender "was based on a misperception of the governing law"); *United States v. Branch*, 537 F.3d 582, 586–87 (6th Cir. 2008) (affirming the district court's ruling granting the government's Rule 35(a) motion where the court had incorrectly sentenced the defendant below the statutory mandatory minimum by erroneously applying the guidelines' safety valve provisions).[6]

Foy argues that *Brock* establishes "clear error" here because after sentencing, it invalidated two of the sentencing enhancements the Court imposed and results in a lower guidelines range. But this assertion is only partially correct. After *Brock*, the three-level enhancement in

---

[6] While these cases found that certain guidelines errors qualified as "clear error," we note that none of these cases involved discretionary sentencing under the statutory sentencing factors.

§ 2J1.2(b)(2), and presumably the eight-level enhancement in § 2J1.2(b)(1)(B), should no longer apply to Foy, but that does not end the matter.

Foy is asking for a 20-month sentence, which he argues represents the same downward variance of approximately 50% from the new 37–46-month guidelines range (or 41–51-month range under the government's calculations) pursuant to the aggravated assault guidelines. But even assuming Foy is correct that *Brock* invalidates both the three- and eight-level enhancements, that does not mean the Court would have imposed a 20-month sentence. In fact, quite the opposite is true. At sentencing, the Court carefully considered the § 3553(a) sentencing factors and fashioned a sentence that balanced the severity of Foy's crimes with his history and characteristics as well as his rehabilitation. The Court explained that it would impose the same sentence even if the *Fischer* decision invalidated Foy's obstruction offense. And the Court stated that although it was applying the § 2J1.2(b)(2) and § 2J1.2(b)(1)(B) enhancements, they would not affect the sentence:

> Now, I did speak with the probation office about this since it is a tricky issue. And I will tell you that even though I find that the enhancement does apply, the assaultive conduct, Assaulting, Resisting, or Impeding Certain Officers applies, ultimately the disposition of *Fischer* will not have a[n] effect on my decision because it is my intent to go below the guidelines in this case based on other factors in this case.
>
> So, regardless of what ultimately happens in *Fischer*, that would not affect the sentence that -- even though I'm applying the enhancement for a guidelines level, which defense objects to, I intend to go below that guideline level.

Tr. at 7; *see also* Tr. at 48 ("The sentence I am going to impose would be the sentence I would impose even if I had not found the enhancement that your lawyers urged me not to apply.").[7] Simply

---

[7] *See United States v. Miller*, 35 F.4th 807, 816 (D.C. Cir. 2022) ("The district court may sentence a defendant under the Guidelines and, alternatively, recite that, if the Guidelines range is incorrectly calculated, it would have instead applied an upward variance and imposed the same sentence.") (citing *United States v. Orange*, 21 F.4th 162, 166 (D.C. Cir. 2021) (district court calculated Guidelines range and explained "if I'm wrong about the guideline range, I would still vary upwards to give you this sentence")).

put, if the Court would impose the same sentence without the obstruction conviction at all, then the § 2J2.1 "administration of justice" enhancements for that count did not contribute to the sentence and the sentence is unaffected by *Brock*.

And, even if *Brock* invalidated both § 2J1.2 "administration of justice" enhancements as applied to Foy's January 6 obstruction offense, the decision does not undercut the severity of Foy's crime – assaulting the Capitol (and at least three officers) in an attempt to stop Congress from certifying the election. *See Brock*, 2024 WL 875795, at *15 ("interference with one stage of the electoral college vote-counting process . . . no doubt endanger[ed] our democratic processes and temporarily derail[ed] Congress's constitutional work"). That the Sentencing Commission may not have contemplated the January 6 insurrection in the obstruction guidelines does not undermine this Court's meticulous weighing of the statutory sentencing factors and does not cast doubt on the Court's chosen 40-month sentence, which falls within Foy's newly calculated guideline range (and one month below the government's calculated range). *See e.g.*, *United States v. Bender*, 21-cr-508-BAH, ECF 161 at 3 n.1 ("The D.C. Circuit issued an opinion on March 1, 2024 in *United States v. Brock*, No. 23-3045, holding that the sentencing enhancement at U.S.S.G. § 2J1.2(b)(2) does not apply to convictions under 18 U.S.C. § 1512(c)(2) for conduct disrupting Congress's counting and certification of the electoral college votes on January 6, 2021, but that decision does not influence the outcome in this case, since *the Court would have varied upwards by at least three offense levels to account for the significant disruption of a critical and important governmental function as a result of defendants' offense conduct if the specific offense characteristic at U.S.S.G. § 2J1.2(b)(2) did not apply.*") (emphasis added).

The Court imposed a sentence specifically calibrated to the severity of Foy's offense, his history and characteristics, and his rehabilitation. Nothing in that calculus has changed. So the

7

Court should deny the Rule 35(a) motion because it would impose the same 40-month sentence even if the guidelines were different.[8]

>Respectfully submitted,
>
>MATTHEW M. GRAVES
>UNITED STATES ATTORNEY
>
>BY:
>EMORY V. COLE
>Assistant United States Attorney
>PA Bar No. 49136
>United States Attorney's Office
>For the District of Columbia
>601 D. Street, NW
>Washington, D.C. 20530
>Emory.Cole@usdoj.gov
>
>MATTHEW BECKWITH
>DC Bar No: 90014452
>Assistant United States Attorney
>601 D Street, N.W.
>Washington, D.C. 20004
>(202) 252-7109
>Matthew.Beckwith@usdoj.gov

---

[8] Additionally, Foy relies on *Brock* to establish "clear error," but the *Brock* mandate has not yet issued, and Foy cites to no case finding "clear error" based on an appellate opinion without a mandate.