## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                               Crim. Action No. 21CR108(TSC)

MICHAEL FOY,

　　　　　Defendant.

## REPLY TO RESPONSE TO MOTION RECONSIDER SENTENCE IN LIGHT OF THE D.C. CIRCUIT'S OPINION IN *UNITED STATES v. BROCK*, WHICH SUBSTANTIALLY LOWERS THE APPLICABLE GUIDELINE RANGE.

Michael Foy, through counsel, respectfully submits this brief Reply to the government's Response to his Motion to Reconsider Sentence in light of *United States v. Brock. First*, the Court's reliance on a now invalidated guideline range is clear error and the cases the government cites in its Response supports that it is clear error. *Second*, the Court's consideration of the erroneous guideline range is material to the 3553(a) factors. Therefore, in light of the proper, lower guideline range, the Court should reduce Mr. Foy's sentence.

**1. The Court's reliance on an incorrect guideline range was clear error.**

The government is correct that the purpose of Rule 35(a) is to allow district courts to correct "clear errors" and avoid wasteful appeals by fixing obvious sentencing issues. *United States v. Schenian*, 847 F.3d 422, 424 (7th Cir. 2017). The government seems to concede, as it must, that this Court's imposition of the "administration of justice" enhancements is an obvious error following the D.C.

Circuit's decision in *Brock*. The government certainly cites no case law to the contrary. Instead, the cases the government cites *support* the conclusion that this Court's incorrect application of the Guidelines is clear error. *See e.g., United States v. Yost*, 185 F.3d 1178, 1181 (11th Cir. 1999) (holding that the district court had the authority under Rule 35 to resentence the defendant "**because at the first sentencing hearing it used the wrong guidelines, an obvious error**") (emphasis added); *United States v. Ward*, 171 F.3d 188, 191 (4th Cir. 1999) (holding that the district court had authority under Rule 35 to correct the sentence where the original sentence that failed to treat defendant as career offender "**was based on a misperception of the governing law**") (emphasis added); *United States v. Branch*, 537 F.3d 582, 586–87 (6th Cir. 2008) (affirming the district court's ruling granting the government's Rule 35(a) motion where the court had incorrectly sentenced the defendant below the statutory mandatory minimum by erroneously applying the guidelines' safety valve provisions). *See also United States v. Olarte-Rojas*, 820 F.3d 798, 805 (5th Cir. 2016) ("The incorrect application of the Guidelines that results in an erroneous calculation of the total offense level and the guidelines sentencing range is an obvious error or mistake that almost certainly would result in a remand."),

The government claims that this case is different because it involves a "discretionary sentencing under the sentencing factors." For avoidance of doubt, Mr. Foy's claim of clear error is not based on this Court's exercise of discretion. It's about this Court's miscalculation of the guidelines.

By law virtually *every* federal sentencing involves the district court's exercise of discretion guided by the sentencing factors in 3553(a). This was true before *Booker*—where district courts exercised their discretion within a guidelines range— and remains all the more true after *Booker*. To the extent the government suggests that this Court can only correct obvious Guidelines errors where the district court did not exercise sentencing discretion, that is wrong. If that were the case, then Rule 35 could never be used to correct guidelines errors. Of course, this is not the law.

**2.  The Court's reliance on incorrect guideline range was material.**

While the Court explained that its sentence would be the same irrespective of the result in *United States v. Fischer*, the Court did not state that its sentence would be the same under a lower guideline range.  Instead, the Court commended Mr. Foy for his remarkable rehabilitation and noted that he did not have a history of violence or any prior criminal offenses. Based on these factors, the Court declared an intention to vary downward from the (incorrectly calculated) guideline range. The Court also challenged the government as to its basis for requesting a sentence on the high-end of the guideline range.

The government's attempts to minimize the importance of the guidelines in this case ignores not only how they affected the parties' recommendations and arguments at Mr. Foy's sentencing, but also the guidelines' considerable impact and "anchoring effect" on federal sentences. The anchoring effect occurs "[w]hen people are given an initial numerical reference, even one they know is random, [and] they tend (perhaps unwittingly) to 'anchor' their subsequent judgments . . . to the initial

number given." *United States v. Ingram*, 721 F.3d 35, 40 (2d Cir. 2013) (Calabresi, J., concurring). As the D.C. Circuit recognized, "[p]ractically speaking, applicable Sentencing Guidelines provide a starting point or 'anchor' for judges and are likely to influence the sentences judges impose." *See United States v. Turner*, 548 F.3d 1094, 1099 (D.C. Cir. 2008). And because "anchoring effects influence our judgments, we cannot be confident that judges who begin" at a higher guidelines range "would end up reaching the same 'appropriate' sentence they would have reached" if they started from a lower guidelines range. *Ingram*, 721 F.3d at 40 (Calabresi, J., concurring). This is why the Supreme Court has held that, even if the sentence the defendant initially received falls within the correct guidelines range, the fact that the sentencing judge started from the incorrect guidelines range is enough to show a reasonable possibility of a lower sentence on remand. *See Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016).

The anchoring effect also influenced the government's recommendation. *See United States v. Navarro*, 817 F.3d 494, 500 (7th Cir. 2016) ("[T]he Supreme Court long ago recognized the importance of the government's recommendation on the sentence imposed"). As the Seventh Circuit recognized, if the government's "initial recommendation started at a lower point," a defendant "likely would have received a lower sentence." *Id.* In short, whether consciously or not, the guidelines undoubtedly affected every aspect of the sentencing in this case, from the parties' presentation to the Court to the Court's ultimate sentence. Now that the range has been substantially

reduced by the removal of a staggering 11-level enhancement, the Court should reduce Mr. Foy's sentence under the authority it has to correct clear errors.

The reasons that this Court varied downward initially also supports a downward variance under the new Guidelines range. For example, the Court observed that since the Court "reluctantly" released Mr. Foy, he had turned his life around. Since his release in July 2021, Mr. Foy has moved into his own home, has meaningfully engaged with therapy and medication management, and has obtained steady employment. Since his sentencing, Mr. Foy has continued with his exemplary compliance. A few days after the hearing, he paid his restitution obligation in full. He returned home and continued to work at Alta Equipment, breaking the news that he would be leaving shortly. His employers were saddened to hear the news because as demonstrated by the video and letter testimonials submitted as exhibits to the defense sentencing materials, Mr. Foy is a beloved and valued co-worker to all.

### Conclusions

For the reasons stated herein and in Mr. Foy's Motion to Reconsider the sentence as well as the 3553(a) factors—now materially altered due to the new, lower guideline range—Mr. Foy moves the Court to reduce his sentence to 20 months. In the alternative, he moves the Court to reduce his sentence to sentence this Court deems appropriate in light of the reduced guideline range.

Respectfully submitted,

A. J. KRAMER

5

FEDERAL PUBLIC DEFENDER

/s/

_____

ELIZABETH MULLIN
EUGENE OHM
Assistant Federal Public Defenders
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500