## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

MICHAEL FOY,

            Defendant.

Crim. Action No. 21CR108(TSC)

### MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)

Michael Foy, through counsel, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) respectfully moves the Court to reduce the 40-month sentence imposed on February 28, 2024, because extraordinary and compelling circumstances warrant a reduction. Namely, *two days* after Mr. Foy was sentenced, the United States Court of Appeals for the District of Columbia decided *United States v. Brock*, 94 F. 4th 39 (D.C. Cir. March 1, 2024). In *Brock*, the D.C. Circuit held the term "administration of justice" under USSG § 2J1.2 does not apply to the legislative process of certifying electoral votes. As explained below, *Brock* reduced the applicable guideline range in Mr. Foy's case from 78-97 months to 37-46 months. Had the Court calculated the guidelines consistent with *Brock* and applied a similar variance from the now invalidated guideline range, Mr. Foy would have received a substantially reduced sentence under 18 U.S.C. § 3582.

Should the Court find that it cannot reduce the sentence pursuant to 18 U.S.C. § 3582, in the alternative, pursuant to 18 U.S.C. §§ 3141(b) and 3143(b) and Fed. R.

Crim. P. 46(c) & 38(b)(1), Mr. Foy renews his motion for release pending his direct appeal because his appeal raises a substantial question and is very likely to result in a sentence less than the expected duration of the appeal process.

## Relevant Background

Pursuant to a stipulated trial agreement, Michael Foy was convicted of one count of 18 U.S.C. § 111(a) and one count of 18 U.S.C. § 1512. Applying USSG § 2J1.2, the Pre-Sentence Report (PSR) calculated a guideline range of 78-97 months, based on a base offense level of 14 plus two enhancements: 1) an 8-level increase under § 2J1.2(b)(1)(B) for causing or threatening to cause physical injury or property damage "in order to obstruct the administration of justice"; and 2) a 3-level increase, under § 2J1.2(b)(2), for a "substantial interference with the administration of justice." The PSR applied USSG § 2A2.2 to Count 2, the assault count. Due to the addition of the "administration of justice" enhancements, which resulted in a cumulative 11-level increase, the guideline range for the obstruction count was higher than the assault. Accordingly, the PSR applied § 2J1.2 to arrive at the range 78-97 months. The defense objected to the application of both enhancements. *See* ECF. No. 90; Defense Position on Sentencing. The Court overruled the defense objection, found that the cumulative 11-level increase applied, and adopted the PSR's guideline range of 78-97 months.

From the outset, the Court announced an intention to vary downward from the applicable guideline range based on Mr. Foy's history and characteristics including, but not limited to, his lack of a record of violence and the extraordinary progress he achieved while on pre-trial release. Ultimately, the Court sentenced Mr. Foy to 40

months incarceration—approximately a 50% variance from the guideline range of 78-97 months.

Two days after the Court announced its sentence, the D.C. Circuit issued an opinion holding that, as counsel argued in this case, Congress's certification of the electoral college vote does not qualify as "administration of justice" under the § 2J1.2 guideline. *United States v. Brock*, 94 F. 4th 39. The Court found, that "Section 2J1.2's text, context, and commentary show that the 'administration of justice' refers to judicial, quasi-judicial, and adjunct investigative proceedings, but does not extend to the unique congressional function of certifying electoral college votes." *Brock*, 94 F. 4th at 51. As a result of *Brock*, Mr. Foy's applicable guideline range is reduced by about 50%.[1]

## Argument

### I.  Mr. Foy's sentence should be reduced under 18 U.S.C. § 3582.

This Court has the authority to order Mr. Foy's early release under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13 (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)). Under the First Step Act of 2018,

---

[1] After *Brock*, the applicable guideline is found by applying § 2A2.2 instead, which yields a guideline range of 37-46 months (base offense level 14, +4 for dangerous weapon, +6 levels for official victim, -3 levels for acceptance of responsibility results in total offense level of 21). Mr. Foy is in criminal history category I, yielding a guideline range of 37-46 months. The government contends the new guideline range is 41-51 months due to a grouping enhancement. Under either scenario, the new guideline range is approximately 50% lower than the guideline range the Court applied at Mr. Foy's sentencing.

3

imprisoned defendants may bring their own motions for compassionate release in the district court. 18 U.S.C. § 3582(c)(1)(A) (2018).

Such motions have a three-step framework. *First*, a defendant petitioning for a reduction in sentence must exhaust administrative remedies. *Id. Second*, a court must consider whether "extraordinary and compelling reasons warrant" the requested reduction. *Id. Third*, the court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Id.*

Because § 3582(c)(1)(A) requires a reduction to be "consistent with applicable policy statements issued by the Sentencing Commission," new sentencing guidelines that went into effect on November 1, 2023, describing what qualifies as "extraordinary and compelling," apply. *See* U.S.S.G. § 1B1.13, p.s. (last amended Nov. 1, 2023). With these amendments, the guidelines now contain six types of circumstances that may qualify as "extraordinary and compelling." *Id.* § 1B1.13(b). These are: (1) the medical circumstances of the defendant, (2) the age of the defendant, (3) the family circumstances of the defendant, (4) whether the defendant was a victim of abuse while in custody, (5) other reasons that are similar in gravity to 1-4, and (6) an unusually long sentence. U.S.S.G. § 1B1.13, pol'y statement. Mr. Foy satisfies the catchall "other reasons" category and is therefore eligible for a reduction in sentence.

**A. Mr. Foy's Motion is properly before the Court.**

Mr. Foy has not yet reported to the Bureau of Prisons ("BOP"). He has been ordered to surrender on April 30, 2024.  The Court can waive the requirement that

he exhaust his administrative remedies because pursuing administrative remedy at this point would be futile. *See e.g.*, *United States v. Greene*, 516 F. Supp. 3d 1 (D.D.C. February 2, 2021) (the exhaustion requirement is non-jurisdictional and a court may excuse a defendant's failure to exhaust administrative rights "where . . . the agency lacks jurisdiction over the matter.") (internal citations omitted); *United States v. Warren,* 10-cr-202-EGS, ECF No. 66 (D.D.C. July 30, 2020) (waiving requirement because defendant was not in BOP custody, nor a BOP facility, so pursuing an administrative remedy would be futile).

**B. Extraordinary and Compelling reasons support a sentence reduction.**

The fact that Mr. Foy was sentenced *two days* before his guideline range was effectively reduced by 50% is an extraordinary and compelling circumstance warranting relief. That is, by sheer bad luck, Mr. Foy was sentenced under a guideline range that would conclusively be deemed inapplicable just two days later. As a result, his sentence—if it remains the same—will not fairly reflect the myriad mitigating circumstances that exist in this case as well as the extraordinary progress Mr. Foy made while on release. This qualifies as an extraordinary and compelling circumstance under U.S.S.G. § 1B1.13's catchall "other reasons" section. U.S.S.G. § 1B1.13 (5).

**C. The § 3553(a) sentencing factors support a sentence reduction**.

The sentencing factors strongly support a sentence reduction. This Court is familiar with the history of this case and Mr. Foy's history and characteristics. After this Court reluctantly released Mr. Foy under strict conditions almost three years

ago, Mr. Foy turned his life around. He moved out of his mother's home, found a place of his own, found a job that he loves, and started exercising and attending church. He also unfailingly engaged with therapy and treatment, including medication management. The therapy helped him understand his own vulnerabilities that significantly influenced his conduct on January 6. Since the sentencing hearing, Mr. Foy has continued his positive path, even in the face of the impending significant prison sentence. He has paid his restitution in full and advised his employers of his sentence. Not surprisingly, he continues to comply with conditions of release.

At Mr. Foy's sentencing hearing, the government focused exclusively on the nature and circumstances of Mr. Foy's offense to justify its request for a draconian, high-end of the guidelines sentence. The government could only rely on the nature of the offense because the other 3553 factors (other than the now-invalidated guideline range) favored a more lenient and rehabilitative sentence for Mr. Foy. Mr. Foy does not dispute that his offense was serious. However, undersigned counsel provided ample documentation to show that Mr. Foy was undergoing an acute mental health crisis on January 6 and the days leading up to it. Veterans Administration (VA) records and the expert report filed under seal[2] show that Mr. Foy had been suffering from severe depression and PTSD in the months leading up to January 6. When he finally was able to get an appointment with a mental health provider on December 18, 2020, a VA provider made numerous changes to his medication, which made

---

[2] Report of Dr. Guarnera, Exhibit 3 to Sentencing Memorandum, filed under seal.

things even worse for Mr. Foy. While counsel never sought to excuse Mr. Foy's actions, counsel respectfully submit that the information in the Sentencing Memorandum and exhibits helps to explain why Mr. Foy—who is universally described as gentle, even meek—would act in the way he did on January 6. It is simply beyond dispute that the twenty-five seconds that he assaulted police officers on January 6 was a complete aberration for Mr. Foy. Suffice it to say, he will regret what he did that day for the rest of his life.

Based on the 3553 factors, the Court varied substantially downward from the now invalidated guideline range. It stands to reason that the Court should again vary down from the applicable guideline range. If the Court declines to do so, Mr. Foy's sentence will fail to reflect the mitigating factors underlying his offense conduct and his extraordinary rehabilitation since this Court released him. Given the numerous factors that caused this Court to vary from the guideline range in February, the same sentence under the reduced guideline range would create an unwarranted sentencing disparity with similarly situated defendants.

## II. In the alternative, Mr. Foy moves the Court for release pending direct appeal.

Should the Court find that a reduction is not warranted under §3582, Mr. Foy alternatively moves for release pending direct appeal. Release pending direct appeal is warranted because Mr. Foy poses no flight or safety risk, his appeal is not for the purpose of delay, and his appeal—especially since the issuance of *United States v. Brock*—raises a substantial question of law that, if decided in his favor, would likely

result in a reduced imprisonment sentence that could expire before the appeal concludes. 18 U.S.C. § 3143(b)(1).

A court "shall order the release" of an individual pending appeal if it finds:

(A)    by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and

(B)    that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
      (i)    reversal,
      (ii)    an order for a new trial,
      (iii)    a sentence that does not include a term of imprisonment, or
      (iv)    a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1); *see also United States v. Perholtz*, 836 F.2d 554, 555, 557 (D.C. Cir. 1987). Mr. Foy's release is required because all of the statutory criteria are met.

### A. There is no flight or safety risk

Mr. Foy's behavior and flawless compliance on pretrial release for almost three years demonstrates, by clear and convincing evidence, that he will not flee and is not a safety risk. Indeed, the Court stated as much when it permitted Mr. Foy to self-report to his sentence. His continued employment at Alta underscores that he will neither flee nor poses a safety concern because doing so would risk his livelihood. There can be no question that this prong is satisfied.

### B. The appeal raised a substantial question and therefore is not designed to create delay.

8

*United States v. Brock* indisputably changes Mr. Foy's sentencing guideline range by invalidating the application of two enhancements the Court applied over objection. Thus, a direct appeal of his sentence will raise a "substantial question" within the meaning of § 3143(b).

### C. Resolution of this substantial question in Mr. Foy's favor would likely result in a reduced imprisonment sentence that would expire before the appeal concludes.

Resolution of Mr. Foy's appeal of his sentence will likely result in a reduced imprisonment sentence that would expire before his appeal expires. The current median time from the filing of the notice of appeal to disposition in the D.C. Circuit is over 11 months[3]—but this time is likely to be extended in light of the appeals that will be filed due to the *Brock* opinion alone. Indeed, appellate counsel at the Federal Public Defender Office have cautioned that there is a "backlog" of appeals due to all of the January 6 cases. Thus, the typical time for an appeal in this district is in the process of increasing significantly. This Circuit must handle several hundred additional January 6 appeals beyond its typical workload. Thus, there is a substantial likelihood that Mr. Foy's appeal will not be resolved before he serves a reduced sentence. This final prong is satisfied.

### Conclusion

---

[3] U.S. Courts of Appeals—Median Time Intervals in Months for Cases Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2021 (Table B-4), *available at* https://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2021.pdf

For the foregoing reasons and any others that appear to the Court, Mr. Foy's sentence should be reduced because, two days after he was sentenced, his guideline range was significantly reduced. This arbitrary and unique circumstance qualifies as an "extraordinary and compelling" circumstance warranting a sentence reduction. In the alternative, he should be released pending his direct appeal.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

_____

ELIZABETH MULLIN
EUGENE OHM
Assistant Federal Public Defenders
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500