UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL JOSEPH FOY,<br><br>    Defendant. | Case No. 21-cr-00108 (TSC) |

**GOVERNMENT'S OPPOSITION TO FOY'S
MOTION TO REDUCE HIS SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Foy's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A).

After carefully considering the statutory sentencing factors and fashioning a sentence that balanced the severity of Foy's crimes with his history and characteristics including his rehabilitation, this Court sentenced Foy to 40 months' imprisonment, a significant downward variance from the 78-97 month range it determined applied, and stated that it would impose the same sentence even if *Fischer*[1] invalidated Foy's obstruction offense and even without the enhancements he challenged. Although the D.C. Circuit's subsequent decision in *United States v. Brock*, 94 F. 4th 49 (D.C. Cir. 2024), means that the administration-of-justice enhancements in

---

[1] The Supreme Court granted certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, 114 S. Ct. 537 (Dec. 13, 2023), to resolve the scope of 18 U.S.C. § 1512(c)(2).

U.S.S.G. § 2J1.2(b) no longer apply to Foy, *Brock* does not cast doubt on the Court's chosen 40-month sentence, which falls one month below Foy's post-*Brock* guideline range.[2]

Foy is not entitled to revisit his sentence under 18 U.S.C. § 3582(c)(1)(A). This statute provides for sentencing reductions based on "extraordinary and compelling circumstances"—but an intervening change in the law, like *Brock*, is not such a circumstance. *See United States v. Jenkins*, 50 F.4th 1185, 1192 (D.C. Cir. 2022). Even if Foy could meet the other requirements for relief, then, he has not demonstrated extraordinary and compelling circumstances warranting a sentence reduction under U.S.S.G. § 1B1.13(b).

If the Court is inclined to revise Foy's sentence, the best way to do so would be on remand following the ordinary process of appeal. Given that Foy is currently serving a 40-month sentence, it is extremely unlikely that the appeals process would grind too slowly for Foy to receive effective relief.

To be clear, *Brock* does not undercut the severity of Foy's crime – assaulting the Capitol (and at least three officers) in an attempt to stop Congress from certifying the election. *See e.g.*, *United States v. Bender*, 2024 WL 960999, at *1 n.1 (D.D.C. Mar. 6, 2024) (Howell, J.) (*Brock* "does not influence the outcome in this case, since the Court would have varied upwards by at least three offense levels to account for the significant disruption of a critical and important governmental function as a result of defendants' offense conduct if the specific offense characteristic at U.S.S.G. § 2J1.2(b)(2) did not apply."). In the government's view, the Court

---

[2] Foy's base offense level under § 2A2.2 is 14, and with a four-level enhancement for a dangerous weapon, a six-level enhancement for an official victim, and a three-level reduction for acceptance of responsibility, the total offense level is 21. But without the enhancements under § 2J1.2, Foy's offenses no longer group. This means that 1.5 units, or a one-level increase under § 3D1.4, would apply, resulting in an offense level of 22 and a range of 41-51 months.

committed no error when it concluded that a 40-month sentence for Foy was sufficient but not greater than necessary to provide just punishment for his offense. 18 U.S.C. § 3553(a).

1. **Foy's sentencing.**

After a stipulated bench trial, this Court convicted Foy of assault, in violation of 18 U.S.C. § 111(a)(1) (Count 1), and obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2) (Count 2).

At Foy's sentencing on February 28, 2024, the Court determined that Foy's base offense level was 14 under USSG § 2J1.2(a).[3] Foy received an eight-level enhancement under USSG §2J1.2(b)(1)(B), because his offense involved causing or threatening physical injury to a person in order to obstruct the administration of justice (repeatedly assaulting MPD Officer DP with a hockey stick); a three-level enhancement under USSG §2J1.2(b)(2) because the offense resulted in substantial interference with the administration of justice (the official proceeding of Congress' Joint Session); and a six-level enhancement under USSG §3A1.2(c)(1) because Foy created a substantial risk of serious bodily injury, knowing or having reasonable cause to believe MPD Officer DP was a law enforcement officer while assaulting her. After a three-level reduction for acceptance of responsibility, Foy's total offense level was 28, and with a criminal history category I, Foy's advisory guideline range was 78-97 months.

Foy objected to these calculations, including the three-level enhancement under USSG §2J1.2(b)(2), and the eight-level enhancement under USSG §2J1.2(b)(1)(B).

After fully considering the § 3553(a) factors, the court varied downward and imposed a 40-month imprisonment term, balancing the severity of the offense with Foy's history and

---

[3] The guidelines on Count 2 (obstruction) applied because they produced a higher guideline range than those for Count 1 (assault).

characteristics as well as his rehabilitation. The Court explained that it would give the same 40-month sentence regardless of what happened in *Fischer* and regardless of whether it had ruled differently on the guidelines. *See* Tr. at 7, 48. As part of its allocution, the Court noted several mitigating factors, such as Foy's military service, his struggle with post-traumatic stress disorder and other mental health issues, his difficult and stressful family situation, and his recent personal and professional progress. *Id.* at 47-48. But the Court also balanced that mitigation with aggravating factors, noting that Foy's military service meant he took an oath to serve and "knew better" than to attack officers, and highlighting the level of violence in Foy's assaultive conduct. *Id* at 44-45. The Court further explained that it had to consider the nature of the crime on January 6, 2021, and reiterated its continued belief that deterrence is a particularly important factor in January 6th-related sentencings. *Id.*

**2.      The *Brock* decision.**

Two days after Foy's sentencing, the D.C. Circuit decided *United States v. Brock*, 94 F. 4th 49 (D.C. Cir. 2024). Brock, like Foy, was convicted of obstruction of an official proceeding for his participation in the January 6 riot. The D.C. Circuit upheld that conviction but remanded for resentencing, finding that U.S.S.G. § 2J1.2(b)(2)'s three-point enhancement for "substantial interference with the administration of justice" does not apply to interference with the legislative process of certifying electoral votes. *Brock* did not consider the eight-level enhancement in U.S.S.G. § 2J1.2(b)(1)(B), which applies if an offense "involved causing or threatening to cause physical injury to a person, or property damage, in order to obstruct the administration of justice." Nonetheless, the government acknowledges that *Brock*'s reasoning also would apply to the eight-level enhancement.

3.   **Foy cannot reopen his sentence under § 3582(c)(1)(A) because he cannot demonstrate extraordinary and compelling circumstances as that term is defined in § 1B1.13(b).**

A federal district court "may not modify a term of imprisonment once it has been imposed" except in limited circumstances. 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 824 (2010) ("[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment" and may not be modified by a district court except in limited circumstances.).

Section 3582(c)(1)(A)(i) establishes one exception to the general rule of finality. Under this section, the Director of the Bureau of Prisons (BOP) or a defendant may seek a reduction in sentence based on "extraordinary and compelling circumstances," ordinarily related to extreme medical or family circumstances, "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The reduction also must be "consistent with applicable policy statements issued by the Sentencing Commission."

These policy statements appear at U.S.S.G. § 1B1.13 and include "extraordinary and compelling circumstances." U.S.S.G. § 1B1.13(a)(1)(A). The Sentencing Commission has defined extraordinary and compelling circumstances to include, with specified conditions: (1) the defendant's medical circumstances; (2) the defendant's age and infirmity if he has served a required portion of his sentence; (3) the defendant's family circumstances, such as the incapacity or death of a child's caregiver; and (4) whether the defendant was a victim of sexual or physical abuse in prison. U.S.S.G. § 1B1.13(b)(1)-(4).

Paragraph 5, upon which Foy relies, describes "other reasons" that may permit a reduction in sentence if they are "similar in gravity" to those in paragraphs (b)(1) through (4):

5

(5) Other Reasons.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

The D.C. Circuit has squarely held that "a judicial decision that retroactively establishes legal error at sentencing" cannot support compassionate release under § 3582(c)(1)(A). *See United States v. Jenkins*, 50 F.4th 1185, 1192 (D.C. Cir. 2022). The text of the guideline is consistent with that holding: changes in law – like *Brock* – generally are not included as extraordinary and compelling circumstances justifying a sentence reduction. As explained in U.S.S.G. § 1B1.13(c), for a change in the law to be considered in reducing a defendant's sentence, the defendant must establish, independent of the change in law, that "extraordinary and compelling reasons warrant a sentence reduction."[4]

Against this background, § 3582(c)(1)(A) is not a fit vehicle for Foy to challenge his sentence. First, he has not yet reported to BOP to serve his sentence, so he has not exhausted administrative remedies. And although the exhaustion requirement is not jurisdictional, *see United States v. Wilson*, 77 F.4th 837, 841 (D.C. Cir. 2023), it is a mandatory claim-processing rule that is not subject to equitable exceptions and must be applied when the government invokes it. *See, e.g.*, *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021); *see also Fort Bend Cnty., Texas v. Davis,* 139 S. Ct. 1843, 1849 (2019) (discussing the difference between jurisdiction and claims-processing rules in the context of Title VII).

Second, Foy has not established extraordinary and compelling reasons as defined by the Sentencing Commission. Foy argues that his sentence, imposed just two days before *Brock*,

---

[4] Only subsection (b)(6) contemplates the effect of a change in law, and that provision is only available to defendants who have served at least ten years of an "unusually long sentence." The position of the Department of Justice is that subsection (b)(6) is contrary to the statute's text, structure, and purpose, and therefore is invalid. In any event, Foy does not rely on (b)(6).

satisfies § 1B1.13(b)(5)'s "other reasons" definition of extraordinary and compelling circumstances because his guideline range would be reduced by half. But an intervening development in sentencing law is neither an "extraordinary" nor a "compelling" reason for a sentence reduction under § 3582(c)(1)(A)(i). As the D.C. Circuit has explained, "[l]egal errors at sentencing are neither extraordinary nor compelling," as sentencing errors may be corrected on direct review or (sometimes) on collateral review. *See Jenkins*, 50 F.4th at 1200; *see also United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (describing legal error at sentencing as "the ordinary business of the legal system"). Thus, Foy cannot show that any error caused by *Brock* is the sort of "extraordinary and compelling circumstances" that would entitle him to a sentence reduction. Simply put, § 3582(c)(1)(A) is not the right fit for his *Brock*-based argument.

4.  **Foy can challenge his sentence through the ordinary appellate process.**[5]

The government's understanding from the Court's statements at sentencing is that it views the 40-month sentence imposed here, which was a substantial downward variance from the pre-*Brock* guideline range, to be the correct sentence based on the § 3553(a) factors. The government further submits that a sentencing reduction is not warranted here; even applying *Brock*, a 40-month sentence is below the range called for by the guidelines.

That said, Foy may challenge his sentence through the ordinary process of appeal. If the D.C. Circuit agrees that the Court committed error at sentencing, the case would be remanded for resentencing. And the process of appeal would likely take less time than even a substantially reduced sentence for Foy, so there is no likelihood that Foy would be unable to obtain meaningful relief through the appeals process.

---

[5] We do not agree that Foy is entitled to release pending appeal. Among other things, Foy has not shown a likelihood of a reduced sentence to a term of imprisonment less the expected duration of the appeal process. *See* 18 U.S.C. § 3143(b)(1)(B)(iv).

7

## CONCLUSION

The Court imposed a sentence specifically calibrated to the severity of Foy's offense, his history and characteristics, and his rehabilitation. Nothing in that calculus has changed. Foy can challenge his sentence through the ordinary appellate process.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

BY:

MATTHEW BECKWITH
DC Bar No: 90014452
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20004
(202) 252-7109
Matthew.Beckwith@usdoj.gov