UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal No. 21-cr-00108 (TSC) |
| | ) | |
| **MICHAEL JOSEPH FOY**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Following a stipulated trial, Defendant Michael Joseph Foy was found guilty of

Assaulting, Resisting, or Impeding Certain Officers in violation of 18 U.S.C. § 111(a)(1) and

Obstruction of an Official Proceeding and Aiding and Abetting in violation of 18 U.S.C. §§

1512(c)(2), 2, arising out of his actions during the riots at the U.S. Capitol on January 6, 2021.

On February 28, 2024, Foy was sentenced to forty months incarceration—below the applicable

guidelines range. As recommended by the Probation Department, the court applied the

"administration of justice" enhancements under § 2J1.2 of the United States Sentencing

Guidelines ("USSG") to his § 1512 conviction, thereby increasing Foy's offense level by eleven

points.

Two days after Foy's sentencing, the D.C. Circuit issued its opinion in *United States v.

Brock*, holding that the three-point enhancement under USSG § 2J1.2(b)(2) was inapplicable. 94

F.4th 39, 51 (D.C. Cir. 2024). On March 4, 2024, Foy filed a Motion to Reduce Sentence under

Federal Rule of Criminal Procedure 35(a). By Minute Order, the court determined that because

Rule 35(a)'s "clear error" standard was inapplicable, it did not have to decide the motion within

the fourteen days set forth in the Rule, but would later resolve the pending motion. Min. Order,

Mar. 12, 2024. Foy then filed the instant motion for compassionate release. ECF No. 108

1

("Motion").  For the following reasons, the court will **DENY** the motion and find as **MOOT**

Defendant's Motion to Reduce Sentence under Rule 35(a).

## I.     BACKGROUND

The Probation Office's Presentence Investigation Report (PSR) applied USSG § 2J1.2

and two of its enhancements.  The first, § 2J1.2(b)(1)(B), correlated to an eight-level increase

and was applied for causing or threating to cause physical injury or property damage "in order to

obstruct the administration of justice."  PSR, ECF No. 96 at 14.  The second, § 2J1.2(b)(2),

applied a three-level increase for a "substantial interference with the administration of justice."

*Id.*  The court agreed with the Probation Office and applied both enhancements—totaling eleven

points—over defense objection, resulting  in a guidelines range of 78–97 months.  *Id.* at 22.

At sentencing, the court imposed concurrent terms of forty months incarceration as to

both counts, followed by twenty-four months of supervised release as to both counts, and $200

special assessment.  *See generally* Judgement, ECF No. 101.  Before imposing sentence, the

court stated that it intended to vary downward from the PSR's Guidelines range given Foy's

history and characteristics, including his military service, mental health and PTSD diagnosis, and

exemplary pretrial compliance record.  *See* Sentencing Tr., ECF No. 104 at 52.

After the D.C. Circuit issued its opinion in *Brock*, holding that § 2J1.2(b)(2)'s three-point

enhancement for "substantial interference with the administration of justice" does not apply to

interference with the legislative process of certifying electoral votes, 94 F.4th at 51, Foy

promptly filed a motion under Federal Rule of Criminal Procedure 35(a), to resentence him

without the § 2J1.2 enhancements.  *See* Mot. to Reduce Sentence, ECF No. 103 ("Rule 35(a)

Motion").  Under Rule 35(a), a court may, within fourteen days after sentencing, correct a

sentence that resulted from "arithmetical, technical, or other clear error."  Arguing that the

court's reliance on an "invalidated guideline range" was "clear error," Foy requested a twenty-month sentence, that, he posited, would represent a similar 50% variance from the bottom of the Guidelines range the court initially imposed. *Id.* at 1, 3.

The Government opposed, contending that, even with *Brock*, Foy's sentence was "specifically calibrated" to his offense, history and characteristics, rehabilitation, and that the same forty-month sentence would be imposed even if the Guidelines were different. Opp'n to Rule 35(a) Motion, ECF No. 105 at 7–8. The Government acknowledged that although the D.C. Circuit did not consider the eight-level enhancement in § 2J1.2(b)(1)(B)—applicable if an offense "involved causing or threatening to cause physical injury to a person, or property damage, in order to obstruct the administration of justice" and which this court applied over Defense counsel's objection—*Brock*'s analysis would likely negate application of this enhancement as well. *Id.* at 3.

In a March 12, 2024 Minute Order, this court agreed with the Government and found that because *Brock* was not binding precedent when Foy was sentenced, Rule 35(a)'s "clear error" standard was inapplicable and the Guidelines range was not miscalculated. Min. Order, Mar. 12, 2024.

Foy then filed the instant Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A), otherwise known as a Compassionate Release Motion. In preparation for a hearing on the motion, the Probation Office filed a revised PSR without the § 2J1.2 enhancements, and with a recalculated Guidelines range of 27–33 months. *See* Probation Memorandum, ECF. No. 111 at 4. At the hearing, however, the parties agreed that this calculation was incorrect and that the appropriate range was 37–46 months. *See* Motion Hearing Tr., ECF No. 121 at 7.

At the hearing, the court reiterated that the sentence it imposed—which was below the then-applicable Guidelines range—took into consideration all of Foy's mitigating factors. The court indicated that despite *Brock*, Foy's case was unique, and, given its careful consideration of the § 3553(a) sentencing factors and all information which led to the downward variance, it would not have imposed a lesser sentence even with the revised guidelines range. *See id.* at 10–11.

## II.    LEGAL STANDARD

Federal courts are generally prohibited from modifying a term of imprisonment once it is imposed. *United States v. Long*, 997 F.3d 342, 347 (D.C. Cir. 2021). But 18 U.S.C. § 3582(c)(1)(A) carves out a narrow exception, permitting courts to reduce a term of imprisonment following a petition from the Bureau of Prisons ("BOP") Director. *See United States v. Hicks*, No. 93-97-2, 2021 WL 1634692, at *3 (D.D.C. Apr. 27, 2021). This exception was expanded following the First Step Act's enactment in 2018, authorizing defendants to directly file compassionate release motions with the district court so long as they had "fully exhausted all administrative rights to appeal a failure" of the BOP to file a compassionate release motion on their behalf or had waited "30 days from the receipt of such a request by the warden of the defendant's facility." *Long*, 997 F.3d at 348; 18 U.S.C. § 3582(c)(1)(A). Following exhaustion, the district court may grant defendant-filed motions only after considering the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *See* § 3582(c)(1)(A). But first, the court must find that a defendant has demonstrated "extraordinary and compelling reasons [that] warrant such a reduction" and that such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

4

## III.   DISCUSSION

### A. Compassionate Release Motion[1]

Foy contends that "extraordinary and compelling" reasons warrant that his sentence be reduced by fifty percent. As noted above, he relies on the D.C. Circuit's decision in *Brock,* which reduced his applicable guidelines range from 78–97 months to 37–46 months. Motion at 1. Moreover, he contends that if his sentence remains the same, it "will not fairly reflect the myriad [of] mitigating circumstances that exist in this case." *Id.* at 5. In the alternative, Foy seeks release pending appeal pursuant to 18 U.S.C. § 3143(b)(1). *Id.* at 7. For the following reasons, both requests will be denied.

#### 1.   *18 U.S.C. § 3582(c)(1)(A)'s Exhaustion Requirement*

The Government asserts that Foy has failed to exhaust his administrative remedies, which "must be applied when the government invokes" the requirement's exhaustion. Opp'n Br. to Motion, ECF No. 110 at 6.[2] Foy does not dispute that he has not exhausted his administrative

---

[1] Following the motion hearing, Defense counsel filed a Notice of Appeal, thereby—at first glance—stripping this court of its jurisdiction. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). But, pursuant to "[l]ater Supreme Court precedent and the Federal Rules of Criminal Procedure," an exception "remains alive today." *United States v. Jackson*, 468 F. Supp. 3d 59, 65 (D.D.C. 2020). Under Federal Rule of Criminal Procedure 37(a), if "a timely motion" is made "for relief that the court lacks authority to grant because of an appeal . . . the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *Id.* (quoting Fed. R. Crim. P. 37(a)). Because the court denies Foy's motion for compassionate release, it has jurisdiction to hear the motion.

[2] The Government cites *United States v. Keller,* which held that "§ 3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government." 2 F.4th 1278, 1282 (9th Cir. 2021). In 2023, however, citing *Keller* and cases from other circuits, the D.C. Circuit held that § 3582(c)(1)(A)'s plain text "does not permit" the court "to infer that Congress intended it to be jurisdictional," and nothing in the provision "uses any mandatory language that would deprive" the court "of jurisdiction should the defendant fail to satisfy either exhaustion pathway." *United States v. Wilson*, 77 F.4th 837, 841

remedies, but argues that because he was not in BOP custody when his motion was filed, the

court should waive the exhaustion requirement.  To do otherwise, he contends, "would be futile."

Motion at 4–5.

The exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A) "is a mandatory claims-

processing rule." *United States v. Merise*, No. 06-42-1, 2023 WL 6847034, at *4 (D.D.C. Oct.

17, 2023) (citing *United States v. Wilson*, 77 F.4th 837, 841 (D.C. Cir. 2023)).  Although

mandatory, the requirement "is not jurisdictional." *Id.*  Thus, courts are permitted to assume

"without deciding that" a defendant "properly exhausted as to each of his grounds for

compassionate release." *Wilson*, 77 F.4th at 841.  Moreover, the "Supreme Court and the D.C.

Circuit have emphasized that there are times when waiver" of the exhaustion requirement "is

appropriate when the litigant's interests in immediate judicial review outweigh the government's

interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to

further." *United States v. Jackson*, 468 F. Supp. 3d 59, 64 (D.D.C. 2020) (quoting *Avocados*

*Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004) (internal quotation marks omitted)).

Waiver is also permitted when exhaustion would be futile; in other words, when enforcing the

requirement would be "completely ineffective and not lawfully and reasonably sufficient."

*United States v. Greene*, 516 F. Supp. 3d 1, 20 (D.D.C. 2021) (internal citation and quotation

marks omitted).

Foy filed his Rule 35(a) motion to reduce sentence the first business day after *Brock* was

issued, several days after his sentencing.  After the court declined to issue a decision on the

motion within the fourteen-day window, he filed his compassionate release motion on April 8,

---

(D.C. Cir. 2023) (citing § 3582(c)(1)(A)).  But the Court did not reach whether § 3582(c)(1)(A)
"requires defendants to exhaust each issue in their submitted requests before the warden before
filing in district court," *id.*, specifically if the government—like in *Keller*—invokes exhaustion.

weeks before his April 30 voluntary surrender date.  *See* Motion's Hearing Tr. at 18.  Clearly,

Foy was not in BOP custody at the time he filed the motions and therefore could not have

pursued administrative remedies.  Consequently, his "case presents the unique circumstances that

justify waiver" of § 3582(c)(1)(A)'s administrative exhaustion requirement.  *Jackson*, 468 F.

Supp. at 64.

### 2.  *Extraordinary and Compelling Reasons Under 18 U.S.C. § 3582(c)(1)(A)*

#### i.  *Amendments to the USSG's § 1B1.13 Policy Statement*

Effective November 1, 2023, the amended policy statement to U.S. Sentencing Guideline

§ 1B1.13 "cover[s] motions for sentence reduction filed by defendants and [] expand[s] the list of

extraordinary and compelling reasons sufficient to support such a motion under §

3582(c)(1)(A)." *United States v. Glover*, No. 07-cr-153-1, 2023 WL 8005094, at *2 n.3 (D.D.C.

Nov. 16, 2023) (quoting *United States v. Campbell*, No. 1:12-cr-439, 2023 WL 7220732, at *2

(M.D.N.C. Nov. 2, 2023)); *see* USSG § 1B1.13.

Under the amended policy, in determining whether a defendant has demonstrated

extraordinary and compelling reasons warranting a sentence reduction, a court may consider: (1)

the defendant's medical circumstances, (2) the defendant's age, (3) the defendant's family

circumstances, (4) victim abuse, (5) other reasons, or (6) an unusually long sentence.  *See* USSG

§ 1B1.13(b)(1)–(6).

#### ii.  *Defendant's Extraordinary and Compelling Reasons for Sentence Reduction Fail Under USSG's § 1B1.13(b)(5)*

Foy contends it was "sheer bad luck" that *Brock* was issued two days after he was

sentenced, and were his sentence to remain the same, it would not accurately reflect the myriad

of mitigating circumstances for which this court varied downward.  This, Foy argues, qualifies as

an "extraordinary and compelling" reason to reduce his sentence.  Motion at 5.  The court

disagrees.

Under the amended policy statement's "Other Reasons" provision, the court may reduce

a sentence if:

> The defendant presents any other circumstance or combination of circumstances
> that, when considered by themselves or together with any of the reasons described
> in paragraphs (1) through (4), are similar in gravity to those described in
> paragraphs (1) through (4).

USSG § 1B1.13(b)(5).  The fact that the Circuit decided *Brock* shortly after Foy's sentencing, is

not an "extraordinary and compelling" reason to reduce his sentence under USSG

§ 1B1.13(b)(5).

In *United States v. Jenkins*, 50 F.4th 1185 (D.C. Cir. 2022), the D.C. Circuit considered,

*inter alia*, whether judicial decisions that retroactively establish legal error at sentencing could

support compassionate release.  After Jenkins pleaded guilty, the parties agreed that given his

two prior convictions for attempted distribution of cocaine, the "career offender" sentencing

guideline—USSG § 4B1.1(a)—was applicable.  *Id.* at 1194.  But, after Jenkins was sentenced,

the D.C. Circuit issued *United States v. Winstead*, 890 F.3d 1082 (D.C. Cir. 2018), which found

that "attempted drug offenses do not trigger the career offender guideline."  *Id.*  Had *Winstead*

been issued before Jenkins was sentenced, he would not have been considered a career offender

and the applicable guidelines range would have been substantially below "the guideline range

stipulated by the parties."  *Id.*  Jenkins moved for compassionate release, arguing that "the

commission of a *Winstead* error to trigger the career offender guideline," was an extraordinary

and compelling reason warranting early release.  *Id.*  The district court denied his motion,

holding that *Winstead* was "irrelevant because the compassionate-release statute does not permit

courts to reexamine the lawfulness or fairness of a sentence as originally imposed."  *Id.* at 1195.

8

The D.C. Circuit affirmed, holding that although *Winstead* ultimately established what "that guideline meant before as well as after the date it was decided," "given the availability of direct appeal and collateral review" pursuant to 28 U.S.C. § 2255, "legal errors at sentencing—including those established by the retroactive application of intervening judicial decisions—cannot support a grant of compassionate release." *Id.* at 1200 (internal quotation marks omitted).

As in *Jenkins*, Foy was sentenced before an opinion was issued that directly impacted his sentencing Guidelines range. Although the time between Foy's sentencing and the *Brock* opinion was shorter than the time between Jenkins's sentencing and the Court's decision in *Winstead*, that distinction does not impact the fact that "[l]egal errors at sentencing are neither extraordinary nor compelling" reasons to grant relief. *Id.*

### 3. *18 U.S.C. § 3553(a)'s Sentencing Factors*

At sentencing, the court thoroughly considered and addressed the sentencing factors under 18 U.S.C. § 3553(a). It stated that given Foy's history, remorse, military service, and compliance with his pretrial release conditions, it did not "believe that a within-guidelines sentence" was warranted and it was "not going to give it. The sentence I am going to impose would be the sentence I would impose even if I had not found the [§ 2J1.2] enhancement that your lawyers urged me not to apply." Sentencing Tr. at 48. And at the hearing on the motion to reduce sentence, the court noted that "the 40-month sentence that I gave him reflects the seriousness of that offense notwithstanding all the other mitigating factors in his life . . . I believe that's the lowest sentence I've given anyone who was convicted of violent assault on law enforcement at the Capitol. And it was due almost entirely to Mr. Foy's background and his compliance on pretrial release." Motion Hearing Tr. at 13. In sum, the court fully considered all the § 3553(a) factors in determining that a sentence well below the Guidelines range was

warranted.  Had the Guidelines range been as low as it is post-*Brock*, the court would still have

imposed the sentence it did.

   **B.  Request for Release Pending Direct Appeal**

   In the alternative, Foy requests that he be released pending direct appeal pursuant to 18

U.S.C. § 3143(b)(1), which provides that a court shall order that a defendant be detained pending

appeal unless it determines:

   (1) by clear and convincing evidence that he is not likely to flee or pose a danger to the
       safety of any other person or the community if released . . .;
   (2) that the appeal is not for the purpose of delay; and
   (3) that the appeal raises a substantial question of law or fact likely to result in reversal, an
       order for a new trial, a sentence that does not include a term of imprisonment, or a
       reduced sentence to a term of imprisonment less than the total of the time already served
       plus the expected duration of the appeal process.

*United States v. Abou-Khatwa*, No. 18-cr-67, 2022 WL 278770, *at 2 (D.D.C. Jan. 31, 2022)

(citing 18 U.S.C. § 3143(b)(1)).

   Given his compliance with his release conditions, Foy does not appear to be a flight risk

or a danger to the community.  Nor does his motion appear to be for the purpose of delay.  Foy

contends that his appeal "will likely result in a reduced imprisonment sentence that would expire

before his appeal expires."  Motion at 9; *see* § 3143(b)(1)(B)(iv).  He relies on an online source

providing the median time from a notice of appeal filing to final disposition and argues that

*Brock*'s issuance would only extend that timeline, as the Circuit has a large number of January 6-

related appeals.  *Id.*

   Courts in this jurisdiction apply a two-step test in determining whether the "substantial

question of law" requirement has been satisfied: (1) Does the appeal raise a substantial question

of law or fact?, and (2) if so, would resolution of that question in the defendant's favor likely

lead to one of the outcomes enumerated in § 3143(b)(1)(B)(ii)–(iv)?  *See United States v.*

*Sheppard*, No. 21-203, 2024 WL 127016, at *2 (D.D.C. Jan. 11, 2024); *see also United States v. Han*, No. 15-142, 2018 WL 6573453, at *1 (D.D.C. Dec. 13, 2018).  Courts must keep "in mind that there is a presumption of a valid conviction when assessing motions for release pending direct appeal," which defendants "bear[] the burden of rebutting."  *United States v. Adams*, 200 F. Supp. 3d 141, 144 (D.D.C. 2016) (citing *United States v. Libby*, 498 F. Supp. 2d 1, 3 (D.D.C. 2007)).  In deciding whether a substantial question exists, the court "must inquire whether the defendant has raised an issue that is a close question or one that very well could have been decided the other way."  *Id.* (quoting *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1988)) (internal quotation marks omitted).

Foy's contention that the D.C. Circuit will not decide his appeal during his term of incarceration is speculative.  As defense counsel indicated at the motion hearing, Foy would likely serve "approximately 85 percent of his" forty-month incarceration, taking into account the five months he was initially detained and any good-time credit.  Motion Hearing Tr. at 19–20, 28.  Under that scenario, Foy would be incarcerated for just under thirty months.  The online source upon which Foy relies indicates that the median time interval for "filing of notice of appeal or docket date to last opinion or final order" is approximately eleven months,[3] which would be well before Foy completed his sentence.  As the court stated at the motion hearing, "even with your statistics as to how long these matters take to run their course, [Foy] would not be done serving his" approximate term of incarceration.  Motion Hearing Tr. at 18.

---

[3] *U.S. Courts of Appeals—Median Time Intervals in Months for Cases Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2021 (Table B-4)*, U.S. Courts, https://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2021.pdf (last visited July 15, 2024).

Moreover, it is far from clear that the D.C. Circuit would reduce his sentence. *Brock* was issued several days after Foy's sentencing, and therefore was not binding precedent at the time. And even with the post-*Brock* Guidelines range, Foy's forty-month sentence falls squarely within the new Guidelines range and would not qualify as an improper or illegal sentence. Furthermore, even with *Brock*, the court's sentence—which was already well below the then-applicable Guidelines range—would have remained the same. Thus, there is no "close question" for which this matter could have been decided differently.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion is DENIED and the court finds as MOOT Defendant's Rule 35(a) Motion. A corresponding order is forthcoming.

Date:  July 19, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge